UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SPENCER KEOLEIAN,

            Plaintiff,                      Case No. 1:25-cv-10090

v.                                          Honorable Thomas L. Ludington
                                                  United States District Judge
AMIEN A.S. CARTER and the MARGARET
RINTOUL IV, a 49.6' sailing yacht, Hull No. 929740,

            Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Spencer Keoleian is a former deckhand of Defendant Margeret Rintoul IV, which is captained by Defendant Amien A.S. Carter. Plaintiff alleges that Defendant Carter had a prostitute assault him on July 20, 2024—the night of the 100th Bayview Mackinac Yacht Race in Port Huron, Michigan.

After a breakdown in communication between the Parties, Plaintiff moved to compel the deposition of Defendant Carter, extend the discovery cutoff sixty days, and reschedule the settlement conference originally scheduled for October 22, 2025. For the reasons explained below, Plaintiff's Motion to Compel will be granted, except that the discovery cutoff will not be extended, and the settlement conference will not be rescheduled.

I.

A.

Plaintiff Spencer Keoleian was a deckhand on the Margaret Rintoul IV (the "Margaret") during the July 20, 2024, 100th Bayview Mackinac Yacht Race in Port Huron, Michigan. ECF No. 10 at PageID.38. According to Plaintiff, after the Margaret finished the race, the crew docked in

Mackinac Island Harbor. *Id.* Plaintiff and a fellow crew member then spent the afternoon biking, returning to the Margaret at 11:00 PM that evening. *Id.* at PageID.38–39. Upon their return, they found Defendant Amien Carter, the skipper, on the main deck of the yacht, allegedly intoxicated. *Id.* at PageID.39. After that, Plaintiff and two other crew members went to bed in their bunks below deck. *Id.*

Later that evening, Plaintiff was woken by an individual—allegedly a transsexual prostitute—performing fellatio on him. *Id.* Plaintiff allegedly pushed the prostitute off of him and saw her walk over to Defendant Carter, who then told her: "[m]y crew's had a long race, why don't you take care of them and blow them." *Id.* The prostitute then approached the crewmember above Plaintiff's bunk, who also pushed her away. *Id.* Allegedly, the prostitute attempted to approach Plaintiff again in the lower bunk, but Plaintiff resisted again. *Id.* In response, Defendant Carter allegedly told Plaintiff, "don't be a c*nt!" *Id.* Then, Plaintiff and another crewmate gathered their sleeping bags and went back up on the main deck. *Id.*

**B.**

On January 10, 2025, Plaintiff sued Defendant Carter and the Margaret, asserting six claims. *See* ECF No. 1. Plaintiff later filed an Amended Complaint on March 7, 2025. ECF No.10. The Amended Complaint asserts the following claims:

| Count | Claim | Defendant(s) |
|---|---|---|
| I | Negligence (state law) | Defendant Carter |
| II | Gross Negligence (state law) | Defendant Carter |
| III | Battery (state law) | Defendant Carter |
| IV | Assault (state law) | Defendant Carter |
| V | Intentional Infliction of Emotional Distress | Defendant Carter |
| VI | Maritime Tort Lien (Federal In Rem Jurisdiction) | The Margaret |

*Id.* at PageID.40–6.

The Court issued a scheduling order on April 10, 2025. ECF No. 18. The scheduling order was then adjourned by stipulation on October 15, 2025:

| | |
|---|---|
| Plaintiff Expert Disclosure (served by) | December 12, 2025 |
| Defendant Expert Disclosure (served by) | January 9, 2026 |
| Discovery Cutoff | February 13, 2026 |
| In-Person Settlement Conference with Clients with Authority Attending: | February 25, 2026, at 2:00 PM |
| Motions Challenging Experts (filed by) | March 2, 2026 |
| Dispositive Motions (filed by) | March 13, 2026 |
| Rule 26(a)(3)(B) Disclosures (filed by) | June 20, 2026 |
| Motions in Limine (filed by) | June 26, 2026 |
| Pretrial Submissions (by) | July 28, 2026 |
| In-Person Final Pretrial Conference | August 4, 2026, at 2:00 PM |
| Jury Trial | August 25, 2026, at 8:30 AM |

ECF No. 34.

On July 17, 2025, Plaintiff's counsel requested dates for the deposition of Defendant Carter as well as Sam McGowan, the first mate of the Margaret. ECF No. 29 at PageID.215. Defense Counsel replied on July 18, 2025, stating that they were traveling to Chicago, "but will look into it once [they] [got] back." *Id.* On July 28, 2025, Plaintiff's Counsel made another attempt for dates for Defendant Carter's deposition, and, at the same time, indicated their intention to depose Vince Wyborski and Grant Glover[1]—two crewmembers aboard the Margaret on the night of July 23,

---

[1] Due to an agreement between the Parties, two other fact witnesses—Vince Wyboski and Sam McGowan—have also not been deposed. ECF No. 29 at PageID.215.

2024. *Id.* Defense Counsel replied that Defendant Carter's schedule was "fairly flexible." *Id.* Defense Counsel also sought to depose Plaintiff before the depositions of Wyborski and Glover, *id.*, to which Plaintiff's Counsel was amenable but reiterated the need to schedule Defendant Carter's deposition. *See* ECF No.29-1 at PageID.226.

But on August 29, 2025, Defendant moved for leave to amend his answer to assert new affirmative defenses and file a notice of nonparty at fault pursuant to Michigan Law. ECF No. 29 at PageID.215–16; *see* ECF No. 24. Plaintiff's Counsel did not agree with the relief sought by the Defendant. ECF No. 29 at PageID.216.

On August 26, 2025, Plaintiff's Counsel again requested dates for Defendant Carter's deposition. *Id.* But Defense Counsel would not produce Defendant Carter for deposition until the Court addressed the Defendant's motion for leave to file his amended answer. *Id.* So that same day, Plaintiff noticed the deposition of Defendant Carter for September 12, 2025, at 10:00 AM. *Id.*; *see* ECF No. 29-4 at PageID.239. Defense Counsel did not object to the notice or seek a protective order under FED. R. CIV. P. 26(c).

On September 11, 2025, Plaintiff's Counsel contacted Defense Counsel seeking to confirm that Defendant Carter would be attending his deposition the next day. ECF No. 29 at PageID.216. But Defense Counsel responded that Defendant Carter would not appear for the deposition because Plaintiff's Counsel had "arbitrarily noticed" the deposition for September 12 because (1) Defense Counsel already had a deposition, seemingly for another case, scheduled for that day at 10:00 AM, and (2) Defense Counsel was "still waiting on the hearing date in connection with [their] motion for leave to amend answer and affirmative defenses and file notice of non-party at fault." *Id.*; *see* ECF No. 29-1 at PageID.232. Defense Counsel requested Plaintiff's Counsel's "deposition

availability moving forward." *Id.* Plaintiff's Counsel responded with several more dates for depositions related to Defendant Carter, Wyborski, and McGowan. ECF No. 29-1 at PageID.235.

But then Defense Counsel responded that they would not produce Defendant Carter for deposition, subsequently delaying the depositions of Wyborski and McGowan, until the Court addressed the Defendant's pending Motion for Leave to Amend their answer and the Defendant's newly filed Motion to Dismiss.[2] ECF Nos. 27; 29 at PageID.217; 29-1 at PageID.234.

On September 22, 2025, Plaintiff filed the immediate Motion seeking to compel the deposition of Defendant Carter, extend the discovery cutoff a further sixty days, and reschedule the settlement conference originally scheduled with the Court for October 22, 2025. ECF No. 29 at PageID.220. But Defendants never sought a protective order under Rule 26(c) to prevent the deposition of Defendant Carter from proceeding.

## II.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir.1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

Rule 30 allows a party to conduct a deposition of any person without leave of the Court, subject to certain exceptions. FED. R. CIV. P. 30(a)(1). If the person whose deposition is sought

---

[2] The Court originally scheduled a hearing for the Defendant's motions on December 3, 2025, but cancelled the hearing on November 11, 2025. Written opinion addressing each motion will be issued without oral argument.

under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. FED. R. CIV. P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. FED. R. CIV. P. 37(a)(5)(A).

### III.

Plaintiff's Counsel argues that, after repeated attempts to schedule Defendant Carter's deposition, they served a proper notice scheduling the deposition for September 12, 2025, under Rule 30(b)(1), for which Defendant Carter failed to appear. ECF No. 29 at PageID.218. And Defendant Carter failed to file a motion seeking a protective order under Rule 26(c), so he cannot attempt to justify his nonappearance by arguing that proceeding with his testimony was objectionable. *See* FED. R. CIV. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."). Thus, Plaintiff also moves for sanctions under Rule 37(d)(1)(A)(i).

Defense Counsel, on the other hand, argues that Defendant Carter has not "refused or failed to appear for deposition," but argues that "direction is needed from the court before proceeding with deposition" because Plaintiff's Counsel refused to stipulate to leave to file an amended pleading or dismissal of the *in rem* and maritime jurisdiction against the Margaret. *See* ECF No. 31 at PageID.276. Defense Counsel argues that, if the Court were to grant their motion to file an amended answer, then the amended pleadings will supersede the original, rendering them of no legal effect. *Id.* Defendant also argues that, if the Court grants their Motion to file a notice of

nonparty at fault, then Plaintiff would have an opportunity to add the nonparty —the prostitute— to the case. *Id.* At PageID.277. Lastly, Defendant argues that, if the Court grants their motion to dismiss the *in rem* claim, then the Margaret would be dismissed from the case, and Michigan law would apply to the claims against Defendant Carter. *Id.*

Importantly, whether or not the Court grants any of Defendant's motions will not impact the facts of the case. Whether the *in rem* claims are dismissed against the Margaret should not affect Defendant Carter's testimony about the events that transpired on July 23, 2024. And, as to the potential addition of the prostitute as a Defendant, Plaintiff has admitted that they do not intend to seek leave to amend their pleadings to add her as a defendant because Defendant Carter is liable individually. *See* ECF No. 33 at PageID.312.

Further, Defendant Carter never sought a protective order under Rule 26(c). Under Rule 26(c), a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by, among other things, "forbidding the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(A). But the party seeking the protective order must do so by motion, *see* FED. R. CIV. P. 26(c), which Defendant has not filed. So Defendant Carter was required to appear for his properly noticed Rule 30(b)(1) deposition. ECF 29-4 at PageID.239. And all that is necessary to require attendance of a party at a deposition is "[a] notice for the taking of a deposition sent to all parties[.]" *Farquhar v. Sheldon*, 116 F.R.D. 70, 72 (E.D. Mich. 1987); *see also EMW Women's Surgical Ctr., P.S.C. v. Glisson*, No. 3:17CV-00189-GNS, 2017 WL 4897528, at *3 (W.D. Ky. Oct. 30, 2017), objections overruled sub nom. *EMW Women's Surgical Ctr., P.S.C. v. Bevin*, No. 3:17-CV-189-GNS, 2018 WL 10229473 (W.D. Ky. Sept. 28, 2018), and *aff'd sub nom. EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418 (6th Cir. 2020). Thus, Defendant Carter was required to appear for his deposition but did not do so.

Under Rule 37(d)(1)(A)(i), a court where an action is pending may, on motion, order sanctions if a person fails to appear for their deposition. And under Rule 37(d)(2) "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). FED. R. CIV. P. 37(d)(3). But "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* Because Defendant Carter's absence from his deposition is neither justified nor is an award of expenses unjust, Defense Counsel will be required to pay reasonable expenses caused by the failure to appear. Plaintiff will be directed to tender a bill of expenses.

## IV.

Finally, Plaintiff requested that the Court extend the discovery deadline by an additional sixty days and reschedule the settlement conference most recently scheduled for October 22, 2025. ECF No. 29 at PageID.220. But the discovery deadline was extended by Stipulated Order to February 13, 2026, and the settlement conference was rescheduled for February 25, 2026. ECF No. 34. Thus, the Court will not extend the deadlines further.

## V.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel, ECF No. 29, is **GRANTED**.

Further, it is **ORDERED** that Defense Counsel present Defendant Carter for deposition within seven (7) days of this order.

Further, it is **ORDERED** that Defendant's counsel is to pay Plaintiff's counsel a monetary sanction of the reasonable expenses, including attorney's fees, caused by Defendant Carter's failure to appear for his deposition.

Further, it is **ORDERED** that Plaintiff's Counsel is directed to submit a bill of costs to the Court.

**This is not a final order and does not close this case.**

Dated: January 9, 2026                                     s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge